UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-231-TWP-DML 01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHARLES RADFORD | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cr-00231-TWP-DML |
| | ) |
| CHARLES RADFORD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Charles Radford ("Mr. Radford"). (Dkt. 95.) For the reasons explained below, Mr. Radford's motion is **denied**.

### I. BACKGROUND

In 2019, Mr. Radford pled guilty to Count 1: Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); Count Two: Bank Robbery, in violation of 18 U.S.C. § 2113(a); and Count 3: Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Dkts. 84, 85.) At his change of plea hearing, Mr. Radford admitted that he walked up to the teller in an PNC bank, demanded money from the teller, and as he was leaving said "Don't lock these doors or I'll fucking shoot somebody." (Dkt. 67 at 8.) Not only did Mr. Radford pull a gun during the PNC Bank robbery, but he pointed the firearm at another individual during his attempt to flee from the police. *Id*. In a Mirandized statement, Mr. Radford admitted to robbing a Teachers Credit Union bank a few days earlier, in which he handed the teller a note demanding United States Currency. *Id*. at 9-10. Radford was holding what appeared to be a small black pistol. *Id*.

2

Mr. Radford's criminal history began at age 14. He has five juvenile adjudications, all of which resulted in a sentence to the Indiana Department of Correction. As an adult, he has three misdemeanor convictions and four felony convictions, one of which is a firearms offense for which he was on probation at the time he committed the instant offense. The Court sentenced Mr. Radford to concurrent 70-month terms of imprisonment on Counts 1 and 2 and a consecutive 84-month term of imprisonment on Count 3, for a total of 154 months of imprisonment. (Dkt. 85 at 2.) The Court also imposed a 3-year term of supervised release. *Id.* at 3.

Mr. Radford initially filed his motion for compassionate release *pro se*. (Dkts. 95, 96.) The Court appointed counsel, (Dkt. 97), but counsel withdrew before filing any substantive submissions on behalf of Mr. Radford, (Dkts. 103, 104). The Court directed Mr. Radford to file a supplement to his compassionate release motion, and he complied. (Dkt. 105.) Mr. Radford has also submitted several supplements and letters of support. (Dkts. 101, 102, 105-110, 113.)

In his submissions, Mr. Radford argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (COVID-19 "long-hauler"). (Dkts. 95, 96, 101, 102, 105-110.) He also argues that due to changes to the First Step Act, if he were sentenced today, he would likely receive a shorter sentence. Mr. Radford further argues that his mother and sister need his help at home, that he is still suffering from symptoms from his previous COVID-19 infection, and that the prison has ignored issues with his conditions of confinement.

The Court has determined that it can resolve the motion without a response from the Government.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Radford's first reason for requesting release—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. The United States Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason to reduce the sentence of an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned,

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Here, Mr. Radford was offered and declined the vaccine because his mother informed him that when he was younger, he "had an allergic reaction that almost killed [him]." (Dkt. 95 at 3.)

4

Mr. Radford, however, has not presented any evidence that a medical professional advised him not to receive the vaccine because of a potentially adverse reaction. The Court need not accept self-diagnosed skepticism of the COVID-19 vaccine based on the fact that Mr. Radford suffered an allergic reaction to an unknown substance when he was a child. Thus, Mr. Radford has failed to carry his burden to show that he cannot receive or benefit from the vaccine.

Mr. Radford's argument about the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today is also without merit. As recently summarized by the Seventh Circuit,

> When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up).

The residual symptoms that Mr. Radford is still suffering as a result of his prior COVID-19 infection are also not an extraordinary and compelling reason to grant him compassionate release. He states that he suffers from shortness of breath and his lungs burn when he works out. (Dkt. 95 at 3.) But Mr. Radford does not allege that he is limited in self-care or otherwise debilitated due to these lingering symptoms. As such, this is not an extraordinary and compelling reason to grant Mr. Radford compassionate release, either alone or in consideration with any other reason.

Mr. Radford's complaint about his conditions of confinement and his treatment at the prison is also not a reason to grant him compassionate release, alone or in combination with any other factors. Such allegations might form the basis for relief in a civil suit filed in Mr. Radford's district of incarceration, but such allegations are not grounds for a sentence reduction under §

5

3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Finally, Mr. Radford's desire to be released so he can help care for his ailing mother and wheelchair-bound sister is also not an extraordinary and compelling reason to grant him release, alone or in conjunction with any other reason. The Court recalls that Mr. Radford and his mother have always shared a close relationship; and in his April 2019 presentence investigation report, he stated that he and his family always "stuck together." (Dkt. 81 at 15.) Mr. Radford's mother recently had a stroke, and he would like to be home to help care for her, as well as to help care for his sister who was injured in a car accident. (Dkts. 101, 107.) While it is admirable that Mr. Radford would like to be there for his family in their time of need, this does not appear to be a situation where his relatives have no other available caregivers, as his mother's letters reference other individuals who are looking after her. (Dkt. 107-1.) Moreover, even if there were no other available caregivers, the Court would not find this to be a valid reason for granting Mr. Radford compassionate release. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill family member, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Given the determination that Mr. Radford has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.  CONCLUSION

For the reasons stated above, Mr. Radford's Motion for compassionate release, Dkt. [95], is **DENIED**.

**SO ORDERED.**

Date:  8/23/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles Radford, #15413-028
USP Thomson U.S. Penitentiary
P.O. Box 1002
Thomson, Illinois  61285

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov